OPINION
Appellant, Robert J. Formica, appeals from the judgment of the Lake County Court of Common Pleas. After a bench trial, Formica was convicted of tampering with evidence in violation of R.C. 2921.12, a third degree felony. Formica's sentence has been stayed pending the disposition of this appeal.
Formica rented a room in the home of one Bill Young. Both Formica and Mr. Young were what is commonly referred to as "junkies." On September 16, 1999, Formica was sleeping on the couch when he was awakened by Angela Petrey knocking at the door. Ms. Petrey, an acquaintance, asked Formica if she could borrow some money from him or Mr. Young. Formica, unaware that Mr. Young was in the house, gave her twenty dollars. Ms. Petrey then asked if she could use the bathroom. When she went to use the bathroom, they discovered that the door was locked. Formica opened the door with a knife, and they discovered Mr. Young in the bathroom, apparently dead from an overdose.
First, they attempted to revive him, but ultimately concluded he was dead. Then, Ms. Petrey wanted to call a police officer with whom she was acquainted. Formica told her not to call. Formica, who had only been living in the house for three weeks, began gathering up his belongings. Among the items, Formica collected various drug paraphernalia, including "a bag of needles." Ms. Petrey testified that he collected items from "all over the house," although primarily from his upstairs bedroom. Formica placed the items in his car and drove to a nearby store. He threw the drug paraphernalia into the store's trash dumpster. He then drove his car to a Wal-Mart and parked it. Ms. Petrey then drove him back to the house in her car, whereupon they called 9-1-1 emergency services.
Shortly after the police arrived, Formica admitted that he had removed items from the home. A police officer and Ms. Petrey went to the trash dumpster where two bags were recovered that contained syringes and other drug items. Formica, who did not testify at his trial, told the police in various statements that he only removed his own personal property from the house. Ms. Petrey could not tell who owned all the items he collected. According to Ms. Petrey, there was no drug paraphernalia in the bathroom when they discovered Mr. Young, yet, the autopsy report concluded Mr. Young died of a drug overdose.
After a bench trial, Formica was convicted of tampering with evidence. From this judgment, he timely filed his appeal, assigning the following errors:
 "(1) The trial court erred in denying appellant's motion for acquittal, pursuant to Crim.R. 29.
 "(2) The trial court erred in finding appellant guilty, because such a conviction is against the manifest weight of the evidence."
 "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. A motion for judgment of acquittal under Crim.R. 29(A) should be granted only when reasonable minds could only conclude that a reasonable doubt as to guilt exists. Id. at 263. In order to remove the matter from the trier of fact and grant an acquittal, there must be insufficient evidence to sustain a conviction. The state's proof must legally fail on an essential element. In this analysis, the reviewing court must consider the evidence in a light most favorable to the state. State v. Cisternino (Mar. 30, 2001), Lake App. No. 99-L-137, unreported, 2001 Ohio App. LEXIS 1593, citing State v. Williams
(1996), 74 Ohio St.3d 569.
R.C. 2921.12 states, in relevant part:
 "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or is likely to be instituted, shall do any of the following:
 "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]" (Emphasis added.)
 It is not disputed that Formica removed "things" from the premises. With respect to the element of knowing an official investigation was about to begin, it is apparent that Formica drew that conclusion when he recognized that Mr. Young was dead. He told Ms. Petrey not to call the police and then proceeded to remove the items. Only after the items were disposed of did he contact emergency services. Clearly, he was concerned that these incriminating items were going to be discovered by an official investigation, hence their immediate removal from the premises.
It is not disputed that, by throwing the items in a dumpster, Formica attempted to destroy or conceal them. However, Formica argues he did not remove anything that had any "value" to the investigation and, therefore, did not act with purpose to impair the evidentiary value of any evidence relating to the death.
The statute has a broader scope than Formica's argument indicates. R.C. 2921.12 does not just speak to the "value" of evidence, rather, it also states that a person is prohibited from purposely impairing the "availability" of evidence. At the outset of an investigation such as this, it is the responsibility of law enforcement to determine whether a crime has been committed, what crime has been committed, and the scope of the investigation. At least initially, little should be presumed by witnesses. Citizens are not free to cleanse such a potential crime scene of "things," regardless of their self-incriminating value. The determination of relevance and evidentiary value can only be made by responsible professionals.
In this case, after Mr. Young died of an apparent overdose, the house was cleansed of all drug paraphernalia. Formica's claim that all of the paraphernalia was his own, when both he and the victim were users, is specious. Formica's actions impaired the availability of the drug paraphernalia as evidence.
According to an officer who testified at trial, the existence of the drug paraphernalia was revealed to them by Ms. Petrey, whereupon an admission from Formica was induced. Applying the standard of review, we conclude that no rational trier of fact could have found reasonable doubt. Formica's first assignment of error is without merit.
In his second assignment of error, Formica argues his conviction was against the manifest weight of the evidence. The standard of review has been set forth as follows:
 "`In determining whether the verdict was against the manifest weight of the evidence, "(***) [t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (***).'" (Citations omitted.) (Emphasis added.) ***." State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, 1994 Ohio App. LEXIS 5862, at *14-15, quoting State v. Davis (1988), 49 Ohio App.3d 109, 113; See, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 Upon this record, we cannot conclude that in resolving the conflicts in the evidence, the trier of fact clearly lost it way. Nor can we conclude that the conviction
constituted a manifest miscarriage of justice. Formica's second assignment of error is without merit. The judgment of the trial court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., NADER, J., concur.